UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| In Re: ANDREWS BRUCE CAMPBELL | ) ) ) ) Docket No. 2:16-cv-413-NT ) ) |

**ORDER ON MOTION FOR REINSTATEMENT**

Mr. Campbell has a long history of bar disciplinary actions, which are detailed in numerous bar disciplinary opinions. There is no need for me to recount that record here, but for a chronicle of events occurring before 2000 interested readers can consult *Board of Overseers of the Bar v. Andrews Bruce Campbell,* Docket No. Bar 98-1 (Me. 1999), Suffice it to say that Mr. Campbell was suspended from practice in the State of Maine in December of 1987, ultimately disbarred from practice altogether, reinstated with conditions, and finally reinstated without conditions in July of 2001.

In the last 15 years or so, Mr. Campbell has continued to have difficulties related to his understanding of, and ability to follow, the ethical rules for the practice of law in Maine. Since his 2001 reinstatement, Attorney Campbell has been reprimanded on two occasions by Grievance Commission Panels. A 2006 reprimand resulted from Mr. Campbell's failure to clarify that he did not represent an individual and his failure to return that individual's original documents in a timely manner. Me. Grievance Comm'n, Docket No. GCF-04-185 (March 28, 2006). A 2010 reprimand resulted from Mr. Campbell's failure to appropriately account for funds received from his client and the failure to maintain accurate records of the personal property he

and his associate removed from the client's home. Me. Grievance Comm'n, Docket No. GCF-08-280 (April 13, 2010).

Most recently, Mr. Campbell was suspended from the practice of law in the Maine Courts on November 1, 2015. On November 18, 2015, I imposed a corresponding suspension for the Federal District Court for the District of Maine. The 2015 suspensions followed complaints from three different individuals. Mr. Campbell and the Board of Overseers of the Bar stipulated to the facts underlying the grievance filings and a finding that the facts constituted violations of Rules 3.1(a), 3.2(f), 3.4(b), 1.4(c), 3.4(d) and 3.4(f) of the then-applicable Maine Bar Rules and Rules 1.8(c), 1.9(a), 1.9(c), 3.7, 8.4(a) and 8.4(d) of the Maine Rules of Professional Conduct. The parties also agreed to the form and terms of the six-month sanction that Justice Alexander ultimately accepted. Generally, Mr. Campbell's violations involved self-dealing and various conflicts of interest, but a more thorough recitation of his conduct can be found at *Board of Overseers of the Bar v. Andrews Bruce Campbell*, Docket No. Bar 14-8, at 15-17. Mr. Campbell's six month Maine suspension was ordered to "end without further action by the Court on May 1, 2016." *Id.* at 22.

Mr. Campbell has now moved for reinstatement to the bar of this Court. Motion for Reinstatement (ECF No. 1). Unlike the Maine Bar Rules which allow a more-or-less automatic reinstatement for suspensions of six months or less, see Me. Bar. Rule 28, the Local Rules for the District of Maine require, for suspensions of more than three months, that the Court hold a hearing to determine whether a petitioner seeking reinstatement has demonstrated "by clear and convincing evidence that [he]

no longer has any incapacity and possesses the moral qualifications, competency and learning in the law required for admission to practice law before this Court and that [his] resumption of the practice of law will not be detrimental to the integrity and standing of the bar or to the administration of justice, or subversive of the public interest." D. Me. Loc. R. 83.3(g)(3).

I held a hearing on November 14, 2016, at which counsel for the Board of Overseers of the Bar did not object to Mr. Campbell's reinstatement. Mr. Campbell, who was represented by counsel, testified about the circumstances of his most recent ethical missteps and explained that he now recognizes what the rules require in those circumstances. While it is laudable that Mr. Campbell has learned from his mistakes, this method of learning the rules by violating them leaves much to be desired. I want to ensure that Mr. Campbell fully understands his ethical obligations before he is readmitted to practice in this Court.

Accordingly, I **DENY** the Motion for Reinstatement without prejudice at this time. Mr. Campbell may reapply for reinstatement to the bar of this Court if and when he is able to demonstrate that he has taken and achieved what would constitute a passing score in the State of Maine on the Multi-State Professional Responsibility Examination.

SO ORDERED.

/s/ Nancy Torresen
United States Chief District Judge

Dated this 1st day of December, 2016.